UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| JUDITH PRINZO, <br> on behalf of herself and all <br> others similarly situated, <br> <br> Plaintiff <br> <br> v. <br> <br> HANNAFORD BROS. CO., LLC, <br> <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### Introduction

1. This collective action is brought by a former employee of Defendant, on behalf of herself and all similarly-situated workers, alleging unlawful failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff seeks, among other forms of relief, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

### Parties

2. Plaintiff Judith Prinzo ("Ms. Prinzo") is a Massachusetts resident of Middleboro, Plymouth County, Massachusetts.

3. Plaintiff was employed as a Bakery Manager at the Hannaford store in Middleboro, Massachusetts for about 13 years, until her termination in January 2021.

4. Defendant Hannaford Bros. Co, LLC is a Maine company with a principal office located at 145 Pleasant Hill Road, Scarborough, Maine. Hannaford has regular places of business throughout Massachusetts.

**Jurisdiction**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Defendant conducts business in this District and is therefore subject to personal jurisdiction in this District.

**Factual Allegations**

7. As a Bakery Manager, Plaintiff performed some nominally supervisory duties, but the vast majority of her time was spent performing the same types of non-exempt tasks performed by hourly employees in her department. On information and belief, the same is true of all department managers of Defendant's fresh departments, including managers of its bakery, deli, meat, produce, and seafood departments (or managers of combined fresh departments) at all of its locations, including those in Massachusetts, Maine, New Hampshire, Vermont, Massachusetts, and New York.

8. That Plaintiff and all other fresh department managers were expected to and did spend the vast majority of their time performing non-exempt tasks is demonstrated by Defendant's own data. For example, Defendant exhaustively evaluates each fixed task that needs to be performed in each department, including the name of the task, the steps associated with the task, the qualifications necessary to perform the task, and the expected duration of the task. That data show that fresh department managers like Plaintiff typically were expected to spend less than 25 percent of their time performing fixed "management" tasks, such as scheduling, resolving productivity issues, preparing for department assessments, checking time and attendance, etc.

9. Moreover, even as to those so-called "management" tasks, Defendant exercised significant control over how those tasks were completed. For example, although Plaintiff and other fresh department managers were nominally responsible for scheduling in their departments, their scheduling work was largely controlled by Hannaford's determination of what tasks needed to be performed, how long those tasks were expected to take, and what amount of labor was needed to perform them. Each department manager's scheduling of employees was regularly and closely monitored to ensure that they did not under- or over-schedule labor.

10. Likewise, Defendant's employees, including its fresh department managers, were expected to perform tasks in standard and uniform ways – as reinforced by standardized guides and training materials – leaving fresh department managers little say in key operations, including how products were displayed, how training was carried out, and how various tasks were completed.

11. Plaintiff, like all fresh department managers, was paid on a salary basis and was regularly scheduled to work 45 hours per week.

12. Defendant knew or should have known the actual working hours of its fresh department managers, because, among other things, their arrival to and departure from the store was visible to store management. Indeed, department managers were regularly required to notify store management when they were leaving each day.

13. Defendant failed to pay department managers an overtime premium for the hours they worked in excess of 40 each work week, in violation of the FLSA.

14. On information and belief, Defendant's violation was knowing and willful. Indeed, Defendant took extensive steps to limit the discretion of its fresh department

managers and knew that the fresh department managers spent most of their time performing non-exempt tasks. Defendant also knew, of course, that it could save on labor costs by having fresh department managers perform as many non-exempt tasks as possible, thereby reducing the need for hourly employees who were entitled to more wages, including overtime, the more hours they worked.

15. Plaintiff has consented to bring and participate in this action pursuant to 29 U.S.C. § 216(b). A copy of her written consent is attached as Exhibit 1.

### Allegations as to Class

16. Plaintiff seeks to certify a class of all of Defendant's fresh department managers, including managers of its bakery, deli, meat, produce, and seafood departments (or managers of combined fresh departments).

17. On information and belief, the class is so numerous (numbering in the hundreds) that joinder of all members is impracticable.

18. Given that the practices described above were followed by the Defendant on a company-wide and consistent basis, there are questions of fact and law common to all members of the class.

19. Plaintiff's claims are typical of the claims of individuals in the class.

20. Plaintiff and her counsel will fairly and adequately represent the interests of the class. Plaintiff has no known conflicts of interest with other class members. The attorneys representing Plaintiff have litigated and successfully resolved numerous class action cases involving employment claims.

21. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Although the amount

of each class member's damages may vary depending on their periods of employment, pay level, and actual hours worked, those damages are readily ascertainable. As a result, common issues of liability predominate over individualized issues of damages.

22. A class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in an inefficient duplication of discovery, briefing of legal issues, and court proceedings.

## COUNT I
## FAILURE TO PAY OVERTIME – FLSA
## (COLLECTIVE ACTION)

As set forth above, Defendant's knowing and willful failure to pay its fresh department managers overtime wages violates the overtime provisions of 29 U.S.C. § 207(a).  This claim is asserted pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a collective action and orders conditionally and finally certifying classes of similarly-situated individuals, permitting the issuance of notice informing affected employees of their right to opt in to this action;

2. A finding that Defendant's violations were willful and knowing, and therefore subject to a three-year statute of limitations;

3. An award of damages for all wages and other losses to which Plaintiff and all class members are entitled, including liquidated damages under the FLSA;

4. Attorneys' fees, costs, and interest; and

5. Any other relief to which Plaintiff and all class members may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

    JUDITH PRINZO, on behalf of herself and all others similarly situated,

    By her attorneys,

    /s/ Stephen Churchill
    Stephen S. Churchill (BBO#564158)
    FAIR WORK, P.C.
    192 South Street, Suite 450
    Boston, MA 02111
    (617) 607-6230
    steve@fairworklaw.com

    Benjamin Knox Steffans (BBO# 568535)
    Steffans Legal PLLC
    10 Wendell Ave. Ext. No. 208
    Pittsfield, MA 01201
    (413) 418-4176
    bsteffans@steffanslegal.com

Dated: May 4, 2022