```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


_____

JUDITH PRINZO,
on behalf of herself and all
others similarly situated,


                    Plaintiff,      Civil Action
                                    No. 22-10672-WGY
V.
                                    September 22, 2022
HANNAFORD BROS. CO., LLC,           12:00 p.m.

                    Defendant.
_____




                 TRANSCRIPT OF MOTION HEARING

            BEFORE THE HONORABLE WILLIAM G. YOUNG

                 UNITED STATES DISTRICT COURT

               JOHN J. MOAKLEY U.S. COURTHOUSE

                       1 COURTHOUSE WAY

                      BOSTON, MA  02210




                 DEBRA M. JOYCE, RMR, CRR, FCRR
                     Official Court Reporter
                  John J. Moakley U.S. Courthouse
                  1 Courthouse Way, Room 5204
                       Boston, MA  02210
                     joycedebra@gmail.com
```

```
 1      APPEARANCES:

 2      FOR THE PLAINTIFF:

 3      STEPHEN S. CHURCHILL, ESQ.
        Fair Work, P.C.
 4      192 South Street, Suite 450
        Boston, MA 02111
 5      617-607-3260
        steve@fairworklaw.com
 6
        FOR THE DEFENDANT:
 7
        CHRISTOPHER M. PARDO, ESQ.
 8      Hunton Andrews Kurth LLP
        60 State Street
 9      Suite 2400
        Boston, MA 02109
10      617-648-2759
        cpardo@hunton.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      P R O C E E D I N G S
 2              (The following proceedings were held in open
 3    court before the Honorable William G. Young, United States
 4    District Judge, United States District Court, District of
 5    Massachusetts, at the John J. Moakley United States Courthouse,
 6    1 Courthouse Way, Boston, Massachusetts, on
 7    September 22, 2022.)
 8              THE CLERK:  Now hearing civil matter 22-10672, Prinzo
 9    v. Hannaford.
10              THE COURT:  Will counsel identify themselves.
11              MR. CHURCHILL:  Good afternoon, your Honor.  Stephen
12    Churchill representing Judith Prinzo.
13              MR. PARDO:  Good afternoon, your Honor.  Christopher
14    Pardo representing Hannaford, defendant.
15              THE COURT:  Let me try to focus on this.  And I know
16    you'll be of help to the Court.
17              I come on the bench thinking that this is claims
18    splitting, and the question is whether I should dismiss the
19    FLSA case with prejudice or without prejudice.
20              We'll start with you, Mr. Churchill.  I'm perfectly
21    open to your telling me why that's wrong, but I do think it's
22    claims splitting, I come on the bench thinking that.  But I
23    would like you to argue to me why I should not dismiss this
24    with prejudice.
25              If I dismiss it without prejudice, it seems to me
```

1    fully open to those people, whoever they wish to, to file an
2    FLSA case.  But it's your argument, I'll hear you.
3              MR. CHURCHILL:  Thank you, your Honor.
4              Core to the claim splitting analysis, as you have
5    previously recognized, as have other courts, is an examination
6    of the underlying reasons for what happened below.
7              So if we go back to April of 2021, which is when we
8    filed the first action, we did not -- we were very comfortable
9    alleging a Massachusetts class at that time based on our
12:06 10   investigation.  This was prediscovery.  We can't look at what
11   we now know in hindsight, we have put ourselves in the shoes
12   that we were in back in April of 2021.
13             We did not feel comfortable alleging a nationwide
14   class at that point.  So I didn't feel like it was something
15   that we could do.  Plaintiffs and their counsel in class cases
16   are frequently attacked for overreaching, and I'm mindful of
17   what we could have reasonably and fairly alleged back then.
18             In fairness to all the parties, including Hannaford,
19   through discovery that changed.  We obtained substantial
12:06 20   information and discovery that just closed this past July that
21   led us to a very different conclusion based on remarkable
22   standardization and commonality across the country.  So the
23   circumstances changed.
24             So in terms of -- you know, when courts are examining
25   the claim-splitting analysis, they're looking at gamesmanship,

|  |  |
|--|--|
| 1 | bad faith, negligence, things of that nature, certainly when |
| 2 | examining what the appropriate remedy is.  And here, I don't |
| 3 | think we can be accused of any of those things.  These were all |
| 4 | things that were done with the best interest of Ms. Prinzo and |
| 5 | the class that we were seeking to represent in mind. |
| 6 | So if I were back in April of 2021, even mindful of |
| 7 | the claim-splitting law, we would have done the exact same |
| 8 | thing.  Indeed, I don't think we reasonably and ethically could |
| 9 | have done anything different. |
| 12:07  10 | So that's the background. |
| 11 | In terms of the remedy, I think just as a practical |
| 12 | matter, because this Court has broad discretion -- whatever the |
| 13 | Court does I know we can't effectively challenge.  I recognize |
| 14 | that this Court has that broad discretion, but there's an |
| 15 | almost inevitable consequence here, which is that another |
| 16 | action will be filed.  The only difference will be that it's a |
| 17 | different named plaintiff.  If we file it in the state, we will |
| 18 | be in front -- we'll be in the same courtroom because it's a |
| 19 | related case.  And how will that make anybody any better off? |
| 12:08  20 | You know, it will not make Hannaford any better off, it's not |
| 21 | going to change -- |
| 22 | THE COURT:  Well, let me push back. |
| 23 | MR. CHURCHILL:  Sure. |
| 24 | THE COURT:  I recently entered final judgment after |
| 25 | issuing a couple of decisions in a case called Owens v. City of |

1  Medford.  And it was a Wage Act claim and an FLSA claim.  I
2  certified the class in the Wage Act claim, and I was unclear
3  whether I was going to certify the class in the FLSA claim.
4        Without extending the story, they were extraordinarily
5  difficult, candidly, to manage together.  Ultimately, the FLSA
6  claim failed, and that may be appealed, the right or wrong.
7  The Wage Act claim succeeded, from the plaintiff's point of
8  view I would say quite well, and the City is certainly going to
9  appeal, so maybe we'll get some further instructions.
12:09 10        I found it hard to manage the cases together.  If you
11  look at the final judgment, which just goes on line by line for
12  what each patrolman should be paid, this was a difficult case
13  to manage.  And since you practice so frequently in this court,
14  I like simplified management to try and get to trial.
15        So pushing back, if I dismiss it without prejudice,
16  and they've got the laboring oar to suggest why I should
17  dismiss it with prejudice, yes, you're going to refile it
18  somewhere, but that's your choice.  But if you filed it here,
19  under the local rules it's going to be a related case.
12:09 20        I can go ahead on the Wage Act claim, which I express
21  no opinion as to the merits at all, but it has the
22  attention-concentrating aspect of forcing the parties to talk
23  seriously about how that's going to be resolved.  And I'm
24  comfortable focusing on the parameter of the Wage Act claim,
25  even though I have perhaps -- well, not perhaps -- I have the

1  same duty to get the FLSA claim, were it me, to trial in a
2  reasonable period of time.  The two statutes don't mesh.  I'm
3  being very candid from my point of view.  Maybe from yours they
4  do.  And this was skilled counsel -- and are you familiar with
5  that case?
6        MR. CHURCHILL:  I'm not, your Honor, but I
7  wholeheartedly agree.  I know that in hybrid cases like that,
8  there's different procedures, there's different standards, and
9  that's one of the very reasons that we filed only a Mass. Wage
10 Act case when we did.
11       THE COURT:  I understand, and thank you, counsel.
12       So if I was of the mind to dismiss this, I'm of the
13 mind to dismiss it without prejudice, hang onto you people for
14 the trial that's scheduled, and go forward.  You'll either
15 settle or we'll try it.
16       Isn't that the fairest way here?
17       I don't see gamesmanship, candidly.
18       MR. PARDO:  Your Honor, let me -- I don't want to
19 argue Mr. Churchill's position, but our position is the FLSA
20 case, it's a separately filed case, that case should be
21 dismissed with prejudice, and a prejudicial dismissal of that
22 case does not impact the first filed case, which is simply a
23 Wage Act case that we removed.
24       THE COURT:  Well --
25       MR. PARDO:  That case was still proceeding --

1       THE COURT: In other words, you think they can't bring
2  an FLSA case.
3       MR. PARDO: Ms. Prinzo cannot, the named plaintiff
4  cannot. She should be precluded from pursuing -- it's her
5  claim that is split. It's not the claim of a phantom plaintiff
6  who doesn't exist right now who maybe could sue Hannaford in a
7  different aspect somewhere else down the road.
8       THE COURT: I see what you mean. And I think he
9  probably agrees with that.
12:12 10       MR. PARDO: I think so, your Honor.
11       THE COURT: Except this is a putative class, so I have
12  to deal with it as a putative class. I haven't denied class
13  certification.
14       MR. PARDO: In -- again, I don't want to argue my
15  brother's position, but being fully candid with the Court --
16       THE COURT: And I expect it and always appreciate it.
17       MR. PARDO: -- a 216(b) collective action is different
18  from a Rule 23 class when it's filed. I haven't briefed this
19  for you, your Honor, because, again, it's my brother's
12:13 20  position --
21       THE COURT: And respectfully, I have some familiarity
22  with that.
23       MR. PARDO: Of course, your Honor, of course.
24  All I'm suggesting is the dismissal of --
25       THE COURT: Only because I've recently had this other

1   case, and it was this other case that forced me into
2   complexities that, candidly, surprised me.
3       MR. PARDO: Attorney Churchill and I have the luxury
4   that you don't of focusing on this area of the law every day.
5       So under 216(b), I believe Hannaford's position has to
6   be that the law is Ms. Prinzo's claims would be dismissed and
7   with prejudice, and that would have nothing to do with the
8   rights of putative collective members who are not part of the
9   class, because they must affirmatively opt into the case.
12:13 10    THE COURT: But if I dismiss it with prejudice,
11  haven't I injured, at least potentially, putative class members
12  not now before the court? I'm concerned about that.
13      MR. PARDO: No, your Honor, because they are putative
14  collective members. So they don't have any rights and they're
15  not part of the case until they opt in under 216(b), which is
16  different from the separately pending Rule 23 case, which
17  Ms. Prinzo would continue to pursue, and class certification is
18  already briefed before the Court. That's part of the
19  procedural complexity and difference.
12:14 20    THE COURT: Okay, thank you. You've -- it's very
21  helpful. I appreciate both sides' candor.
22      There's no gamesmanship here. Nevertheless, the Court
23  rules that the motion to dismiss the FLSA case from the
24  presently pending case is allowed without prejudice to the case
25  going forward. And I do that -- I'll state now on the

1   record -- I am not expressing any opinion on Ms. Prinzo, the
2   viability or lack thereof of some FLSA case that she may have,
3   without prejudice is to there being filed an FLSA case in some
4   court that comports with the requirements of that statute.
5           The case class certification is fully briefed in this,
6   and let me talk with the clerk.
7           Have we scheduled?
8           THE CLERK:  Let me check, Judge.
9           THE COURT:  Have we given you a schedule for hearing
12:15 10  that?
11          MR. CHURCHILL:  Not yet, your Honor.
12          THE COURT:  All right.  Well, we shall, and we'll try
13  get to it promptly.
14          All right.  That's the order of the Court, thank you.
15          MR. CHURCHILL:  Thank you, your Honor.
16          MR. PARDO:  Thank you, your Honor.
17          (Court adjourned at 12:15 p.m.)
18                  - - - - - - - - - - - - -
19                         CERTIFICATION
20          I certify that the foregoing is a correct transcript
21  of the record of proceedings in the above-entitled matter to
22  the best of my skill and ability.
23
24  /s/Debra M. Joyce                    October 27, 2022
    Debra M. Joyce, RMR, CRR, FCRR       Date
25  Official Court Reporter