```
                    UNITED STATES DISTRICT COURT

                   DISTRICT OF MASSACHUSETTS (Boston)

                                        No. 1:21-cv-11901-WGY
                                           1:22-cv-10672-WGY


JUDITH PRINZO, on behalf of herself and all other
employees similarly situated,
            Plaintiff

vs.


HANNAFORD BROTHERS COMPANY, LLC,
            Defendant


                           *********


                      For Hearing Before:
                     Judge William G. Young


                       Status Conference


                    United States District Court
                    District of Massachusetts (Boston)
                    One Courthouse Way
                    Boston, Massachusetts 02210
                    Wednesday, November 2, 2022


                           *******



             REPORTER: RICHARD H. ROMANOW, RPR
                    Official Court Reporter
                 United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210
                    bulldog@richromanow.com
```

```
 1                    A P P E A R A N C E S

 2

 3   STEPHEN S. CHURCHILL, ESQ.
        Fair Work, P.C.
 4      192 South Street, Suite 450
        Boston, MA 02111
 5      (617) 607-3260
        Email: steve@fairworklaw.com
 6      For Plaintiff

 7

 8   CHRISTOPHER M. PARDO, ESQ.
        Hunton Andrews Kurth, LLP
 9      60 State Street, Suite 2400
        Boston, MA 02109
10      (617) 648-2759
        Email: Cpardo@hunton.com
11      For Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 3:00 p.m.)
 3            THE COURT:  Call the case please.
 4            THE CLERK:  Now hearing Civil Matters 21-11901 and
 5    22-10672 Prinzo versus Hannaford Brothers Company.
 6            THE COURT:  And would counsel identify themselves.
 7            MS. CHURCHILL:  Good afternoon, your Honor, Steve
 8    Churchill representing the plaintiff.
 9            MR. PARDO:  Good afternoon, your Honor,
10    Christopher Pardo for Hannaford.
11            THE COURT:  Well thank you for attending on this
12    session of the court and coming in personally.
13            When we have a hearing in this -- in a case, I was
14    under a misapprehension.  I don't think -- I think I
15    properly understand the law and I don't think I've
16    injured any party, but the misapprehension under which I
17    labored was that there was a single case that the
18    plaintiffs, Prinzo and others, have brought against
19    Hannaford, and we had a discussion about claim splitting
20    and I ruled as I ruled.  But my docket has two cases,
21    one under the Wage Act and another under the Fair Labor
22    Standards Act.
23            I simply wanted to make clear and have you correct
24    me if I'm missing something, that in that procedural
25    posture, with two separate cases, this claim splitting
```

```
 1    issue just does not exist, jurisdiction is appropriate
 2    in this court on different grounds and, um, I'm prepared
 3    to go forward, treat the two cases separately.  Since I
 4    was under a misapprehension, I wanted to say that and
 5    stand corrected.
 6            So Mr. Churchill, I've got it right, don't I?
 7            MS. CHURCHILL:  And that's why we filed the
 8    separate case as we did.
 9            THE COURT:  And it stands.  All right.  And with
10    two separate cases my obligation is to adjudicate them.
11            MR. PARDO:  Your Honor, I respectfully don't
12    agree.  The purpose of our briefing was to say that the
13    nature of the cases are such that they should have been
14    brought together in a single proceeding, and by bringing
15    the second case separately, that that actually is
16    inappropriate claim splitting, and there's a variety of
17    case law that we included in our brief.  And I'm going
18    to the two-case issue, which is different from the
19    singular-case issue.
20            THE COURT:  And I thank you for coming in and
21    correcting me at least as to your position.  I will
22    reflect on what you have just said.  But for the moment
23    I have no problem with the procedural position of these
24    two cases.
25            I wish there was a more informal way to
```

```
 1    communicate with you, but unlike law clerks back in
 2    Galway, I can't simply say to you "Well what are we
 3    doing with two cases?  Oh yes, now he's got the two
 4    cases.  Well that's easier to administer or the like."
 5    So thank you for coming in.  Should I take no further
 6    action, your -- at least on this claim-splitting issue,
 7    the rights of all parties are saved.  And thank you for
 8    restating and correcting my understanding.  But for the
 9    moment we'll leave everything as it is.  Thank you for
10    coming in.
11            MR. PARDO:  Thank you, your Honor.
12            MR. CHURCHILL:  Thank you, your Honor.
13            THE COURT:  All right.  We'll recess.
14            MR. PARDO:  Your Honor, if I may for one moment?
15            THE COURT:  Yes.
16            MR. PARDO:  Given I think Attorney Churchill and I
17    had a different understanding of what was going on, I
18    heard what you said, um, and obviously what you say
19    matters the most.  If upon discussion with Attorney
20    Churchill we think we need to, um, or at least I think
21    on behalf of my client, can we make some kind of
22    supplemental submission to the Court, would that be
23    permissible?
24            THE COURT:  It would be.  Absolutely it would be.
25    I remember what I said at the other hearing about the
```

1  difficulty of administering a case in which I had -- and
2  now the opinion's out there, this ***Owens vs. The City of***
3  ***Medford***, where it was both a Wage Act and FLSA case, I
4  wasn't thinking of it candidly in the manner that you're
5  talking about.  While I don't invite it, having been
6  under a misapprehension, you have every right to make a
7  supplemental submission, um, within two weeks time, is
8  that fair?
9        MR. PARDO:  Absolutely, your Honor.
10       THE COURT:  And I may take action, I may not.  But
11 you're at least fairly on notice of the Court's
12 thinking, that was what concerned me the most, I wasn't
13 clear and I like to be clear and now I'm at least clear.
14 Being clear doesn't make me right, but I'm clear and we
15 can go from there.
16       Thank you both.
17       (Pause.)
18       THE COURT:  Oh, Ms. Gaudet raises quite properly,
19 when are we going to be ready to deal with the issue of
20 certifying a class in either or both of these cases?
21       MS. CHURCHILL:  In the first case, your Honor,
22 it's fully briefed as of September so we're ready --
23 well we're not ready today, but to prepare for it.  But
24 we're otherwise ready for hearing on that motion.
25       THE COURT:  The Clerk will set it.  Yeah, all

1  right.  Thank you.  We'll recess.
2         (Ends, 3:15 p.m.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1              C E R T I F I C A T E
 2
 3
 4       I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5  do hereby certify that the foregoing record is a true
 6  and accurate transcription of my stenographic notes
 7  before Judge William G. Young, on Wednesday, November 2,
 8  2022, to the best of my skill and ability.
 9
10
11  /s/ Richard H. Romanow 11-8-22
    _____
12  RICHARD H. ROMANOW      Date
```