UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:22-CV-10672-WGY

JUDITH PRINZO, on behalf of herself    )
and all other employees similarly situated,    )
                                               )
                 Plaintiff                     )
                                               )
        v.                                     )
                                               )
HANNAFORD BROS. CO., LLC,                      )
                                               )
                 Defendant.                    )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM

At the November 2, 2022, status conference, the Court stated that it was prepared to go forward with this FLSA collective action, recognizing that it was a separate action from Case No. 1:21-cv-11901-WGY, which involves claims under Massachusetts law. (ECF No. 27, Transcript 11/2/22, p.4) ("I'm prepared to go forward, treat the two cases separately."). The Court's stated course of action is appropriate.

As Ms. Prinzo noted when opposing Hannaford's previous motion to dismiss, the remedy of dismissal for alleged claim splitting is reserved for cases where a plaintiff files a later duplicative claim *without sufficient justification*. This is not such a case, for the reasons explained in that opposition. (ECF No. 12).

Moreover, claim splitting or not, the Court has broad discretion to proceed as it deems appropriate. *Conservation Law Foundation, Inc. v. Longwood Venues & Destinations, Inc*., 415 F. Supp. 3d 240, 242 (D. Mass. 2019); 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4406 (3d ed. 1998). It is appropriate that this case proceed as a separate action, on its own course. After all, this case is not just about Ms. Prinzo or her rights.

This case is about everyone in the proposed collective, including all fresh department managers in Hannaford stores across the country, all of whom are alleged to have been misclassified as exempt employees and deprived of overtime pay. Indeed, even without notice, three other department managers already have opted in to this case (ECF Nos. 15, 16, 24), making them parties to it. *See Borup v. CJS Solutions Group, LLC*, 333 F.R.D. 142, 148 (D. Minn. 2019) ("In a FLSA collective action, each opt-in member is party plaintiff, giving them the same status in the case as the named plaintiff."). *Accord Waters v. Day & Zimmermann NPS, Inc*., 23 F.4th 84, 91 (1st Cir. 2022) ("In short, the FLSA's text, Supreme Court precedent, and a majority of circuit court decisions compel only one conclusion: the opt-ins who filed consent forms with the court became parties to the suit upon filing those forms."). None of those opt in plaintiffs filed prior cases against Hannaford, so there is no basis for alleging that they engaged in claim splitting. Even if Ms. Prinzo's individual claim were dismissed, "one of the existing opt-in plaintiffs could continue the action." *Borup*, 333 F.R.D. at 148. As a result, it is wholly unwarranted to dismiss this case.

<div style="margin-left: 40%;">

Respectfully submitted,

JUDITH PRINZO, on behalf of herself
and all other employees similarly situated,

/s/ *Stephen S. Churchill*
Stephen Churchill, BBO #564158
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel.     (617) 607-3260
Fax.     (617) 488-2261
steve@fairworklaw.com

</div>

Benjamin Knox Steffans, BBO #568535
Steffans Legal PLLC
7 North Street, Suite 307
Pittsfield, MA 01201
(413) 418-4176
bsteffans@steffanslegal.com

Dated: November 30, 2022

## CERTIFICATE OF SERVICE

I certify that on this date I served a copy of the foregoing document, through the ECF system, on counsel for the Defendant.


Dated: November 30, 2022

/s/ *Stephen Churchill*
Stephen Churchill